VICENTE QUILINCHINI, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. 283. Argued January 10, 1944.—Decided March 21, 1944.

*Virgilio Brunet* for petitioner. *A. de Jesús Matos* for the Manager of the State Insurance Fund.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Vicente Quilinchini was an employer insured with the State Insurance Fund during the year 1939–40 and before July 15, 1940, he filed his pay roll for the year 1940–41. On December 4, 1940, the employer received a communication from the State Insurance Fund containing the final liquidation for the year 1939–40 and notifying him of the premium fixed for the year 1940–41. Said communication was dated September 12, 1940, and the employer was allowed thereby until September 22, 1940, to make payment of the premium corresponding to the first semester. Notwithstanding the fact that the employer received the notice on December 4, 1940, and that the ten-day period allowed him over two months prior to said notice had expired, the employer did not pay nor did he take any steps with the State Insurance Fund until December 16, 1940, that is, two days after an accident had occurred to one of his workmen, on which date he paid the premium corresponding to the first semester.

The Manager of the State Insurance Fund declared Quilinchini an uninsured employer from July 1st until December 16, 1940, because he had not made payment within the term granted to him therefor. The employer appealed to

the Industrial Commission and after the parties were heard, the decision of the manager was affirmed. Thereupon the employer instituted this proceeding for review, wherein he alleges that since the period granted to him had expired before he received any notice, the manager, as a matter of fact, had not granted him any term and since he had made payment twelve days after receiving the notice, his policy should be considered in force as of July 1, 1940.

We have already stated that the notice was dated September 12, 1940, and that the employer was allowed therein ten days to pay the premium for the first semester, which term would have expired on the 22nd of the same month. Any reasonable person under circumstances similar to the employer's herein, would have made payment immediately upon receipt of the notice or would have hurriedly communicated with the manager in order to explain what had happened, especially when, as testified by the employer himself before the Commission, he had been at the office of the State Insurance Fund during said month of September in order to ascertain whether the Insurance State Fund had duly received his pay roll and to find out when the notice would be issued. However, the employer could have realized that the manager intended to allow him a term of ten days, which had already expired, and yet he did not pay the premium until twelve days after receiving the notice, that is, two days after the accident already referred to had occurred. Perhaps the employer's claim would have been justified if he had made payment within a reasonable time, that is, two or three days after receiving the notice, but he failed to do so. In view of the foregoing circumstances, we do not see any justifiable reason to reverse the decision appealed from and therefore it is hereby affirmed.